IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

OSHAN COOK,

        Defendant.

_____/

No. CR 10-376 JSW

**COURT'S INTENDED VOIR DIRE**

     The parties are HEREBY ADVISED that the following constitutes the Court's Intended Voir Dire. Any objections to the intended voir dire must be filed in writing by no later than Monday, July 9, 2012.

     **IT IS SO ORDERED.**

*Jeffrey S White*

**United States District Court**
For the Northern District of California

Dated: June 22, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

**STATEMENT OF THE CASE**

In the Superseding Indictment, the defendant, Oshan Cook, is charged with one count of conspiracy to possess with the intent to distribute, and to distribute, 3,4-Methylenedioxymethamphetamine ("MDMA"), a controlled substance which is commonly referred to as ecstacy, two counts of possession with intent to distribute MDMA, and one count of possession with the intent to distribute lysergic acid diethylamide ("LSD").

The government alleges that the Defendant knowingly conspired to and did possess MDMA with the intent to distribute it.  The government alleges that the Defendant supplied the MDMA that was seized during the course of a purchase of that MDMA by an undercover law enforcement officer on April 22, 2010.  The government further alleges that, on April 22, 2010, the Defendant possessed with the intent to distribute approximately 415.8 grams of MDMA in a backpack that he was wearing. The government alleges that, on April 22, 2010, the Defendant possessed with the intent to distribute approximately 39.3 grams of LSD in a backpack that he was wearing.  The Defendant denies all of these allegations.

**QUESTIONS TO PANEL**

1.     Has any member of the panel heard or read anything about the case?

2.     My trial hours are 8:00-1:30 on Monday through Thursday.  This case is expected to last one to two weeks.  Do any of you believe that the length of this trial will pose an undue hardship for you?

3.     The attorneys representing the Government are Chinhayi Coleman Cadet and Peter Axelrod, and their case agent is Drug Enforcement Administration (hereinafter "DEA") Special Agent Jim Bush.

     a)     Do any of you know any of these persons (including Melinda Haag, U.S. Attorney for the Northern District of California)?

     b)     Have any of you had any business dealing with them or been represented by Ms. Cadet or Mr. Axelrod or members of the U.S. Attorney's Office?

     c)     Have any of you had any other similar relationship or business connection with any of them?

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

4.    The attorney representing the Defendant, Oshan Cook, is Doron Weinberg.

   a)    Do any of you know Mr. Weinberg or the defendant?

   b)    Have any of you had any business dealing with them or been represented by them or members of their office?

   c)    Have any of you had any other similar relationship or business connection with any of them?

5.    The Government intends to call the following witnesses [Court will read witness names], and the Defendant may call some of these same witnesses.

   a)    Do any of you know any of these persons?

6.    As I indicated, my name is Jeffrey S. White.  Do any of you know me?

7.    My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring.  Do any of you know any of these people?

8.    Have you or members of your immediate family or close friends ever been a party to any legal action or claim involving any agency of the United States government, its officers, or employees or otherwise had a dispute with any agency of the United States government?

   a.    If so, when and where did this occur?

   b.    Was the matter resolved to your satisfaction?

   c.    Is there anything about that experience that would affect your ability to be fair and impartial toward the government or the defendant in this case?

9.    Have you ever been the victim of a crime?  If so, please describe.

10.    Have you, or any member of your immediate family, ever been the victim of a crime related to narcotics possession or distribution?

   a.    If so, please describe.  Is there anything about that experience that might affect your ability to remain impartial in this case?

11.    Have you or members of your immediate family/your relatives or a close friend had a problem with drug use or drug addiction?

4

United States District Court

For the Northern District of California

     a.     If so, please explain.  Is there anything about that experience that would make it difficult for you to remain impartial in this case?

12.     Oshan Cook is charged with conspiracy and possession with intent to sell drugs.  Do you have any feelings or opinions about people accused of drug crimes that would make it difficult for you accord Mr. Cook the presumption of innocence and require the government to prove his guilt beyond a reasonable doubt?

13.     Have any of you or a member of your immediate family or close friends ever been arrested, charged, or convicted of any crime?  If so, please describe the circumstances.

14.     Have any of you, or a member of your immediate family, or close friends, ever been the victim of a crime *and* there is something about that experience that may affect your ability to be fair and impartial toward both the government and the defendant in this case?

15.     Have you, a member of your immediate family, or close friend ever served in law enforcement?  Please explain.

16.     You may hear testimony in this case from personnel of various law enforcement agencies including the DEA and the Vallejo Police Department.  Is there anything that you may have experienced, seen, heard, or read that would prevent you from fairly assessing the credibility of the witnesses from those entities?

17.     The Defendant is charged with conspiracy to distribute and possess with the intent to distribute MDMA, possession with intent to distribute MDMA, and possession with the intent to distribute LSD.  Is there anything about the nature of these charges that gives you concern or hesitation about your ability to give both the government and the defendant a fair trial?

18.     Do you believe that MDMA or LSD should be legal to possess or to distribute?

19.     If you are selected as a juror, I will instruct you that you that you are not to communicate with anyone in any way and are not to let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This

United States District Court

For the Northern District of California

includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or in or on any Internet chat room, blog, website (including such social networking media like Facebook, My Space, LinkedIn, You Tube, and Twitter) or other feature.  Do any of you believe that you would not be able to follow that instruction?

20.   As a juror you will be required to take an oath that neither sympathy or prejudice will affect the outcome of your verdict.  Can you remain impartial in judging the evidence and follow the instructions and laws of the Court and not allow sympathy for or against the government or sympathy for or against the defendant to influence your verdict?

21.   Do any of you have any moral, religious, or philosophical beliefs that would affect your ability to listen to the evidence and then render a judgment about the actions of another human being?

22.   As a member of the jury, the Court will instruct you on what the law is and that you must apply that law in this case even if you do not personally agree with it.  It is important that the law is applied to every citizen of the United States in the same way.   a.   Do any of you believe that, for any reason, you would not be able to follow the instructions of the Court in this regard?

b.   Would you be unable to apply the law given to you by the Court if you personally disagree with it?

23.   It is my duty, as judge, to determine punishment if you find, after considering the evidence and my instructions as to the law you must apply, that the defendant is guilty of one or more counts in the indictment.  The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will determine the appropriate sentence, if any.  Would any of you be unable to decide this case without regard to potential punishment?

24.   Do you agree that the government should bear the entire burden of proof beyond a reasonable doubt in a criminal case?  If not, please explain.

25.   Do you believe that a defendant in a criminal trial should have to prove his/her innocence, even if the law does not require it?  If yes, please explain.

26.   The Government has the burden to prove the defendant guilty beyond a reasonable doubt.  The law does not require the Government prove its case beyond all doubt.  The law recognizes that the human mind always can conceive of some doubt as to any proposition.

   a.   Would any of you require the Government to prove its case beyond all doubt, before you would vote for a verdict of guilty?

   b.   Is there anyone who thinks the burden beyond a reasonable doubt is too heavy or that it is asking too much for the Government to meet this burden?

27.   One of the elements that the government must prove beyond a reasonable doubt in every criminal case is a defendant's intent.  Since jurors cannot read a defendant's mind to see his intent, you can rely, in part, on circumstantial evidence.  Therefore, the Government will ask you to find the intent of the defendants from all of the surrounding facts and circumstances presented at trial.  Do you have any hesitancy in basing your verdict, whether guilty or not guilty, upon circumstantial evidence?

28.   Law enforcement officers, including members of the DEA will be testifying in this case.

   a.   Would the fact that these persons are law enforcement officers lead you to give their testimony more credence or less credence than you would give to the testimony of an ordinary citizen?

   b.   If a law enforcement officer and a private citizen testified to contradictory facts, would you tend give the officer's testimony more credence or less credence simply because he or she is an officer?

   c.   Do you have any strong feelings one way or the other about the police, DEA or other law enforcement officers, which would affect your ability to be a fair and impartial jury in this case?

United States District Court
For the Northern District of California

7

United States District Court

For the Northern District of California

29. This is a prosecution brought by the United States against the defendant, Oshan Cook.  Do you have any feelings or opinions about the United States government in general that you believe would affect your ability to be fair and impartial toward the government or toward the defendant in this case?

30. Have you, any family member, or friend had any negative experience with any law enforcement officer or federal agent that would affect your ability to be fair and impartial toward the government in this case?  If so, what was the nature of that experience?

31. Do you believe that controlled substances such as marijuana, hashish, or hallucinogenic drugs should be legal to possess or distribute?  If your answer is yes, would that belief affect your ability to be a fair and impartial juror in this case?

32. Do any of you believe for any reason that the federal government should not investigate or prosecute drug trafficking offenses?

33. Do any of you have any moral, religious, philosophical or constitutional beliefs that would make you reluctant to serve on a criminal jury?  Would any of those beliefs make it difficult or impossible for you to judge your fellow citizens?

34. Having heard the questions put to you by the Court, and having heard the responses of other panelists, can any of you think of any other reason suggest as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

35. Do any of you have anything that you would like to bring to the Court's attention (*e.g.*, health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror in this case?