IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00376-3 JSW |
| Plaintiff, | **ORDER RE:** |
| v. | **(1) JOINT FILING RE 404(b) EVIDENCE; AND** |
| OSHAN COOK, | |
| Defendant. | **(2) UNITED STATES' MOTION TO ADD TRIAL EXHIBIT AND WITNESS** |

Now before the Court for consideration are (1) the parties' joint filing re 404(b) evidence and (2) the United States' motion to add trial exhibit and witness. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY RULES as follows:

**Joint Filing re Rule 404(b) Evidence**

In their joint filing, the parties set forth a dispute over the admissibility of documents bearing Bates numbers 000440 and 000447, which are screen shots of Defendant's cell phone. Document 000440 shows a missed call on Thursday, April 15, 2010, a phone number, and two names "Gatherer" and "James." Document 000447 is a screen shot of a text message dated Monday, April 19, 2010 from "mewp." The Government argues that this evidence is direct evidence of the conspiracy charged in this case, which it alleges began no later than March 2010. The Government does not explain why this evidence might also fall within the strictures of Rule 404(b)(2).

1 Defendant argues that the evidence does not support the suggestion that the conspiracy
2 had begun before April 15, 2010, and that this evidence is, therefore, subject to the requirements
3 of Rule 404(b).

4 The Court concludes that it cannot rule on this issue without hearing testimony. If the
5 Government is able to lay the foundation pertaining to the timing of the conspiracy and the
6 alleged participants, the Court would be inclined to find that these documents would qualify as
7 direct evidence of the conspiracy. However, the Government shall not refer to these two
8 documents in its opening statement. In addition, before it seeks to introduce them into
9 evidence, it shall so advise the Court so that this issue may be resolved outside of the presence
10 of the jury. At that time, Defendant shall be entitled to raise any and all objections to the
11 admission of these exhibits.

**United States Motion to Add Trial Exhibit and Witness.**

13 The Government moves to belatedly add a "pay-owe" sheet from Defendant's computer
14 to its exhibit list. The Government also asks that the Court permit it to call DEA Special Agent
15 Karl Nichols, a previously disclosed witness, to authenticate the exhibit. Defendant objects on
16 the basis that the Government's request is untimely and does not provide him with sufficient
17 time to effectively prepare for and counter the evidence.

18 The evidence in question technically has been in the Defendant's possession since the
19 Government returned his computer to him in 2010. However, there is no evidence in the record
20 that the Government ever indicated that it believed any materials on that computer to have
21 evidentiary value, until approximately ten days before trial was set to commence. The Synopsis
22 of the forensic examination of Defendant's computer would not have provided Defendant with
23 the requisite notice. (*See* Mot., Ex. A.)

24 The Court emphasizes that it does not find the Government to have acted in bad faith.
25 However, the Court finds the Government has not established good cause to belatedly add this
26 exhibit to its exhibit list. Because the Court shall not permit the Government to introduce the
27 exhibit, the Government's request to call Special Agent Nichols as a witness to discuss the

exhibit is denied as moot. The expresses no opinion on the admissibility of Special Agent Nichols' testimony in general.

**IT IS SO ORDERED.**

Dated: July 20, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE