DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 9102
Telephone: (415) 431-3472
Facsimile:  (415) 552-2703
Email: doronweinberg@aol.com

ALEXIS WILSON BRIGGS (SBN 251688)
Attorney at Law
Pier 5 Law Offices
506 Broadway, No. 5
San Francisco, CA 94133
Telephone: (415) 986-5591
Facsimile:  (415) 421-1331
Email: alexis@pier5law.com

Attorneys for Defendant OSHAN COOK

IN THE UNITED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>OSHAN COOK,<br><br>    Defendant. | NO.   CR-10-0376-JSW<br><br>**DEFENDANT'S MEMORANDUM IN REPLY TO GOVERNMENT'S TRIAL BRIEF**<br>DATE:   October 15, 2012<br>TIME:   2:00 PM<br>JUDGE: Hon. Jeffrey S. White<br>COURT: 11, 19TH FLOOR<br>TRIAL DATE: October 29, 2012 |

    At the Court's invitation, Defendant submits this reply to issues raised for the first time in the Government's Trial Brief, and not as *Motions in Limine*.

**I.**

**THE PORTION OF DEFENDANT'S FINAL ARGUMENT TO WHICH THE GOVERNMENT OBJECTS WAS NOT IMPROPER**

    Citing several well known cases for the indisputable proposition that the issue of sentencing may not be argued to a jury, the Government asks this Court to prohibit counsel from

referring to the "consequences" of the jury's verdict. The Government's argument is misconceived, because it confuses "consequences" with "sentences". They are not the same thing.

Defendant is unaware of any authority that proscribes arguments about the potential harmful consequences of a conviction, and no one would argue that a jury cannot be asked to refrain from ruining a defendant's life, destroying a defendant's reputation or, for that matter, wrongfully convicting a defendant. Plainly, these are all potential consequences of a jury's verdict, but they do not address the issue of sentencing.

So too with the argument that was made at the previous trial. There was no reference, direct or indirect, to sentencing. Instead, the focus was on urging the jury not to compromise in its verdict by finding the defendant guilty of some but not all the charges. There is nothing improper about such an argument. If anything, counsel's admonition can be interpreted as urging the jury *not* to consider sentencing, because they cannot know and should not speculate about what the effect of their verdict would be. The jury's job, as counsel argued, is to determine only whether the defendant is guilty or not guilty of the charges.

## II.

### THE PROFFERED TESTIMONY OF KENNETH GLENN IDENTIFYING THE SPECIFIC TELEPHONE NUMBER HE DIALED IS INADMISSIBLE HEARSAY

The Government seeks to introduce the testimony of Agent Glenn that, following the arrest of James Edmonds he dialed a phone number provided to him by Edmonds. The Government also seeks to insert Glenn's testimony as to the specific number that he dialed. Defendant has no objection to the first branch of this testimony; Glenn's testimony that he received a phone number from Edmonds and dialed it is simply a recitation of his own actions.

But Glenn's identification of the phone number that he dialed would be blatant hearsay when viewed in its factual context.

The essence of Glenn's anticipated testimony is that, after he was arrested, Edmonds agreed to call his alleged supplier and lure him into coming to Edmonds' apartment so that he could be arrested. Apparently Edmonds then provided the phone number to Agent Glenn and Agent Glenn dialed it. As it turned out, the number that Glenn dialed, not once but twice, connected to the voicemail of a female who appears to have had nothing to do with Edmonds or the drug sale, and the telephone company's records of the call reflect that a number which has no connection to Defendant was apparently dialed. As a result, the Government wishes to elicit Glenn's testimony about the number that he dialed. In truth, since the Government cannot explain how the "wrong" number was reached and cannot exclude the possibility that Glenn misdialed the number, what the Government really wishes to elicit is the number that Edmonds told Glenn to dial. This number is the same as Defendant's mobile phone number.

The Government's argument in support of this proffer is that the identity of the number Edmonds supplied is not hearsay because it was an "imperative" or "verbal command".

This argument borders on frivolous, and the two cases cited in its support are completely inapposite. Edmonds did not command Glenn to do anything, and the identification of a specific phone number to dial bears no resemblance to the imperative "tell the truth." See *United States v. Waters,* 627 F.3d, 345, 358 (9th Cir. 2010). The distinction is helpfully illustrated in *United States v. Shepherd,* 739 F.2nd 510, 514 (10th Cir. 1984). There, evidence that orders or instructions were given was offered to show that this occurred, rather than to prove the truth of something that was asserted. Here, it is not the fact that Edmonds gave Glenn a phone number to call that is important. Rather, what the Government seeks to prove is the content of the phone number and that this content points to Defendant Cook's guilt.

Although the Government fails to acknowledge it, the flaw in its argument was expressly identified by this Court when the evidence was previously introduced. The defense objected to

the evidence on two grounds: first that nothing in the discovery had given any indication that it was Glenn, rather than Edmonds, who dialed the number, and second that the testimony was in any event hearsay. In the ensuing colloquy, the Court noted that the agent's testimony regarding a specific number he dialed appeared to be hearsay, and compared it to a witness saying, "he told me such-and-such and... then I went out to such and such address." (Trial Transcript, 339, lines 9–16). Later in the discussion the Court again recognized the essential problem, stating that "the only place [Glenn] could have gotten that is from Mr. Edmonds. So he is essentially incorporating...." (Trial Transcript, 341, lines 10–12).

The Court was absolutely correct. Agent Glenn's testimony is indistinguishable from testimony that Glenn asked Edmonds who his supplier was and based on Edmonds answer arrested Defendant Cook. The purpose of such testimony is not "to explain Glenn's conduct," but rather simply to incorporate Edmonds' hearsay.

### III.

### CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the Government's *Motions in Limine*, presented in the form of a trial brief, should be denied.

Dated: October 10, 2012
                                        Respectfully submitted,
                                        DORON WEINBERG
                                        LAW OFFICES OF DORON WEINBERG

                                        ALEXIS WILSON BRIGGS


                                        BY:   /s/ Doron Weinberg
                                        DORON WEINBERG
                                        Attorneys for Defendant
                                        OSHAN COOK

Defs Memorandum in Reply to Governments Trial Brief_121009.doc