**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00376-3 JSW |
| Plaintiff, | **ORDER DENYING SECOND RENEWAL OF MOTION TO SUPPRESS EVIDENCE** |
| v. | |
| OSHAN COOK, | **(Docket No. 337)** |
| Defendant. / | |

This matter comes before the Court upon consideration of the Second Renewal of Motion to Suppress filed by Defendant, Oshan Cook ("Cook"). The Court has considered the parties' papers, relevant legal authority, the record in this case, including the pertinent trial testimony, and it concludes that an evidentiary hearing is not warranted and that the motion can be resolved without oral argument. Accordingly, the Court VACATES the hearing set for April 25, 2013, and the Court DENIES Cook's motion. The Court shall proceed with sentencing on April 25, 2013.

The Court and the parties previously have set forth the facts underlying this dispute, and they shall not be repeated herein. On December 22, 2011, this Court issued a written order and denied Cook's motion to suppress without an evidentiary hearing. The Court concluded that the Government had met its burden to show that officers had probable cause to arrest Cook and that they had conducted an initial cursory search of a backpack that he was carrying at the time he was arrested. The Court found that this initial cursory search was a search incident to a valid arrest and that a subsequent, more detailed search was justified pursuant to *United States v.*

*Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983). (*See generally* Docket No. 182.)

The matter proceeded to trial, and the jury was unable to reach a verdict. On August 30, 2012, Cook renewed his motion to suppress on the basis that testimony adduced at his first trial undermined the declaration of Task Force Officer Robert Knight ("TFO Knight"), on which the Court relied to resolve the motion to suppress. The Court considered the relevant testimony and found no basis to alter its decision, because it concluded that the testimony at the first trial established that the officers conducted an initial cursory search of Cook's backpack immediately after he was arrested. The Court noted that it had the opportunity to observe the demeanor of the officers and agents during their testimony, and stated that although there were some inconsistencies about what, if anything, may have been found during the initial search, the Court found no basis to discredit the officers' and agents's testimony. Therefore, the Court denied Cook's renewed motion to suppress. The matter proceeded to trial, and the jury convicted Cook.

Cook once again renews his motion to suppress on the basis. In support of this motion, Cook argues TFO Knight's testimony at trial once again undermines the conclusion that he conducted an initial cursory search of Cook's backpack. Cook also argues that the Court cannot rely on D.E.A. Special Agent Jay Dial's testimony, because, during Cook's second trial, he admitted that he did not participate in the cursory search, which directly contradicted his admitted that his testimony at the first trial. Cook argues that the only consistent and credible testimony is that of Agent Dave Mateer, and Cook argues his testimony suggests that TFO Knight did not, in fact, conduct an initial cursory search of Cook's backpack.

The Court has considered the testimony submitted by the parties in support of their respective positions. However, once again it finds no basis to alter its decision that TFO Knight did conduct an initial cursory search of Cook's backpack immediately after his arrest. The Court also had the opportunity to observe the demeanor of the officers and agents during their testimony during the second trial, including that of Special Agent Dial. The Court finds no basis to discredit his testimony that he simply made a mistake about his participation in the initial search of Cook's backpack.

2

Accordingly, the Court DENIES Cook's second renewal of his motion to suppress.

**IT IS SO ORDERED.**

Dated: April 17, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE