MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7205
   Fax: (415) 436-7234
   E-Mail: chinhayi.cadet@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0376 JSW |
| Plaintiff, | U.S. SENTENCING MEMORANDUM |
| v. | Date: April 25, 2013 |
| OSHAN COOK, | Time: 2:00 p.m. |
| | Judge: Honorable Jeffrey S. White |
| Defendant. | |

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

I. **INTRODUCTION**

    A. **Procedural Background**

On May 6, 2010, a three count Indictment was filed charging Defendants Oshan Cook (hereinafter "Cook" or "Defendant"), James Edmonds, Yuri Lambert, and Victoria Vanlaanen with Conspiracy to Distribute MDMA (Count One) and Possession with the Intent to Distribute MDMA (Counts Two and Three). The first two counts of the Indictment were alleged against all defendants. Only Defendant Cook was named in Count Three.

On August 26, 2010, the Grand Jury returned a five-count Superceding Indictment against the defendants. In the Superceding Indictment, defendant Oshan Cook was charged with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Conspiracy to Possess with Intent to Distribute and to Distribute MDMA (Count One); two violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute MDMA (Counts Two and Three); and a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(v) – Possession with Intent to Distribute LSD (Count 4).

On July 23, 2012, the parties proceeded to trial. On July 26, 2012, the jury was unable to reach a verdict on any of the counts for which Cook was charged in the Superceding Indictment (Counts One, Two, Three, and Four). Accordingly, the Court declared a mistrial.

By an order dated August 20, 2012, the Court granted the Government's request to dismiss Count Two of the Superceding Indictment against Cook.

On October 29, 2012, the parties again proceeded to trial. On November 1, 2012, the jury returned a verdict of guilty on all remaining counts for which Cook was charged in the Superceding Indictment (Counts One, Three, and Four).

Count 4 carries a mandatory minimum sentence of 10 years imprisonment, a maximum of life imprisonment, a mandatory minimum supervised release term of 5 years, and a maximum life term of supervised release. Counts 1 and 3 carry a statutory maximum sentence of 20 years, a minimum 3 year term of supervised release, and a maximum life term of supervised release.

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

**B.     The Offense Conduct**

On April 22, 2010, the DEA arrested Edmonds, Lambert, and Vanlaanen when they sold MDMA to an undercover agent. Evidence at trial proved that Cook had agreed with others to distribute the MDMA that was the subject of that drug deal, and he was arrested later that day as he arrived at the residence of Lambert and Edmonds, wearing a backpack that contained large amounts of powdered MDMA and liquid LSD that he intended to distribute to others.

Specifically, inside the backpack, agents found a bag containing about 630 grams of powder MDMA, 9 plastic dropper bottles containing about 39.3 grams of LSD, and a personal usage amount of marijuana. The backpack also contained evidence that it belonged to Cook, including an envelope that had his return address, fliers relating to a tea shop he owns, 2 telephones, and a laptop computer. He was also carrying over $2,000 in cash.

A search warrant was conducted on a telephone taken from Cook's backpack, which revealed that this is the same telephone that called Edmonds' land line about 15 minutes before Cook arrived at the residence. During that telephone conversation, Cook had responded "Alleluia" after receiving confirmation that everything worked out okay regarding the drug transaction.

Expert testimony at trial established that the 630 grams of MDMA in Cook's backpack amounts to about 2700 individual doses, and that the 39.3 grams of LSD in Cook's backpack amounts to about 900 individual doses. Expert testimony at trial further established that notations in the calendar section of Cook's laptop computer are pay owe records. The pay owe records include code words for LSD and MDMA, which were the drugs at issue in this case.

**II.     SENTENCING GUIDELINES CALCULATIONS**

Given that Cook possessed with the intent to distribute 39.3 grams of LSD, his base offense level is 34. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(3).[1] No reductions to the Base Offense

---

[1] The amount of LSD alone triggers the Level 34, and the MDMA does not further increase the base offense level.

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

level are appropriate, resulting in a Total Offense Level 34.  Of additional note, the LSD in the present case is in liquid form, which is distinguished from LSD on blotter paper.  *See* Application Note 10 of U.S.S.G. § 2D1.1.  Although using the weight of liquid LSD alone to calculate the offense level may not adequately reflect the seriousness of the offense, and may warrant an upward departure (*see* Application Note 10 of U.S.S.G. § 2D1.1), the government does not seek an upward departure in this case.

An adjustment for acceptance of responsibility is not appropriate, as Defendant has not accepted responsibility for his conduct.  *See* PSR[2], ¶¶ 15, 28.  Pursuant to the Application Note 2 of U.S.S.G. § 3E1.1, it is only in "rare situations" not present here where a defendant receives acceptance of responsibility points after trial.  An example of a rare situation is where a defendant goes to trial to preserve issues that do not relate to factual guilt, such as making a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.  At trial in the present case, Cook's defense counsel argued against Cook's factual guilt by attacking the credibility of government witnesses, argued that law enforcement agents lied, and argued that law enforcement manufactured evidence against Cook.  Defendant has not accepted responsibility for his criminal activities, and consequently, no reduction for acceptance of responsibility is appropriate.

Defendant has refused to participate in a safety valve debrief session with the government.  Consequently, a reduction in his offense level for safety valve is not appropriate.  *See* 18 U.S.C. § 3553(f)(5).

Defendant has a Criminal History Category I.  *See* PSR, ¶ 35.  Given a Total Offense Level 34 and a Criminal History Category I, Defendant's Guidelines range is 151-188 months.  *See* PSR, ¶ 60.  The Government believes that a sentence at the low end of the applicable Guidelines range is appropriate, given the facts and circumstances of this case.

---

[2] "PSR" refers to the Presentence Investigation Report prepared by the U.S. Probation Office for this case on March 8, 2013.

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

3

## III. STATUTORY SENTENCING FACTORS

### A. The Sentencing Guidelines Post-*Booker*

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases. *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals"); *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006)(noting that the "[c]ontinuing duty of district courts to consult the Guidelines is statutory"). This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for Defendant.

### B. Consideration of the 3553 Factors

Defendant's personal history and characteristics demonstrate the appropriateness of a 151 month sentence. The pay owe records on his computer evidence the ongoing nature of his drug trafficking activities, and his failure to accept responsibility demonstrates his need for deterrence. Unlike many other defendants, Cook has not indicated that he appreciates the wrongfulness of his offense conduct, or that he will not engage in similar conduct in the future.

The nature and circumstances of the offense demonstrate the appropriateness of a 151 month sentence. Defendant acted as a supplier in the transaction charged in Count One of the Superceding Indictment, and as he possessed with the intent to distribute wholesale amounts of LSD and MDMA. The 630 grams of MDMA in his backpack amounts to about 2700 individual doses, and the 39.3 grams of LSD in his backpack amounts to about 900 individual doses. Defendant's offenses are serious as they involve wholesale distribution.

A 151 month sentence would reflect the seriousness of Defendant's offenses, promote respect for the law, and would provide just punishment. This recommended low end Guideline sentence would serve as a deterrent to Defendant and to others, would protect the public from further crimes by Defendant, and would provide him with correctional treatment.

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

4

## IV.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the Sentencing Guidelines and the factors set forth in Section 3553(a), sentence Defendant Oshan Cook as recommended by the U.S. Probation Office – i.e., to 151 months of imprisonment, 5 years of supervised release, and a $300 special assessment.

DATED: April 18, 2013                    Respectfully submitted,

                                         MELINDA HAAG
                                         United States Attorney


                                         _____/s/_____
                                         CHINHAYI COLEMAN CADET
                                         PETER B. AXELROD
                                         Assistant United States Attorneys