UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OSHAN COOK,<br><br>    Defendant. | Case No. 10-cr-00376-JSW-3<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION**<br><br>Re: Dkt. No. 433 |

This matter comes before the Court on consideration of the motion for early termination of supervised release, filed by Oshan Cook ("Cook").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion is suitable for disposition without a hearing. For the reasons that follow, the Court DENIES the motion.

## BACKGROUND

On November 12, 2012, a jury convicted Cook one count of conspiracy to possess with intent to distribute or to distribute MDMA, one count of possession with intent to distribute MDMA, and one count of possession with intent to distribute LSD. On April 25, 2013, the Court sentenced Cook to 151 months imprisonment on each count, to be served concurrently, and a five (5) year mandatory minimum term of supervised release. Cook appealed his conviction, and the United States Court of Appeals for the Ninth Circuit affirmed. (*See* Dkt. Nos. 324, 358, 393, 400.) On November 30, 2015, the Court granted a stipulation to reduce Cook's sentence to 121 months on each count, pursuant to United States Sentencing Guidelines section 1B1.1(b) and Amendment 782. (Dkt. Nos. 399, 402.)

---

[1] Cook is proceeding *pro se*.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

As the moving party, Cook bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). A court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances" in order to determine whether to terminate supervised release. *Id.*; *accord United States v. Miller*, 205 F.3d 1098, 1011 (9th Cir. 2000).

Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1011). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819-20. However, the lack of undue hardship may be considered to determine whether the interest of justice warrants early termination. *Id.* at 820. A district court is not required to "tick off each of the relevant" 3553(a) factors, but it must provide an "explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822.

Cook's term of supervised release commenced on June 12, 2020, and he is less than halfway through his term. Although the Ninth Circuit has not addressed whether a district court has the authority to terminate a mandatory minimum term of supervised release before it expires,

other Circuits have determined that courts have discretion to do so.  *See, e.g., Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018); *United States v. Spinelle*, 41 F.3d 1056, 1058-61 (6th Cir. 1994); *see also United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018).  Section 3553(a)(4) requires the Court to consider the kinds of sentences and the ranges of sentences available for an offense.  Assuming for the sake of argument that the Court can terminate Cook's term of supervised release, the fact that Congress called for a mandatory minimum term of supervised release suggests the Court should exercise that discretion with caution.

The Court also considers the hardship, or the lack thereof, to Cook.  *Emmett*, 749 F.3d at 819-20.  Cook argues that his term of supervised release impacts his ability to travel freely and has impacted his ability to travel for work.  Neither he nor his employer suggest, however, that he is unable to perform his job because of those restrictions.  The Court concludes that Cook has not shown a particular hardship that might weigh more heavily in favor of terminating supervision.  Therefore, the Court turns to the remaining Section 3553(a) factors.

Cook's Probation Officer states that he has performed well on supervised release, does not appear to be involved in any criminal activity, has been on low intensity supervision, and has complied with his conditions of supervised release.  The Court has not received any violation notices since he was released.  In addition, Cook submits letters from his employer, his case manager at Options Recovery Services, and a professor at Sonoma State University.  Each of these individuals speak highly of Cook and speak to the responsibility he has taken for his crimes and his commitment to recovery and rehabilitation.  Based on these facts, Cook does not appear likely to re-offend or otherwise pose a risk to the public.  *See* 18 U.S.C. § 3553(a)(2)(C).  The Court also has considered the costs that could be saved if the Court were to grant this motion, and it recognizes that continued supervised release does impose costs on the public.

However, the need to afford adequate deterrence is also one of the factors the Court must consider.  Although his Probation Officer notes Cook has done well on supervised release, she does not support early termination.  That is, in part because of the serious nature of the underlying offense, and the Court concurs with that assessment.  18 U.S.C. § 3553(a)(1).  Therefore, while the Court commends Cook for his efforts and accomplishments during his incarceration and since his

release, the Court concludes that the adequate deterrence factor weighs in favor of continued supervision.  18 U.S.C. § 3553(a)(2)(B).

Accordingly, the Court DENIES the motion, but this ruling shall not preclude Cook from renewing his motion in the future.

**IT IS SO ORDERED**.

Dated: February 8, 2022

_____
JEFFREY S. WHITE
United States District Judge