UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSHAN COOK,<br><br>Defendant. | Case No. 10-cr-00376-JSW-3<br><br>**ORDER GRANTING SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 442 |

This matter comes before the Court on consideration of the second motion for early termination of supervised release filed by Oshan Cook ("Cook").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion is suitable for disposition without a hearing.  The Court recounted the facts underlying Cook's conviction when it denied his first motion for early termination of supervised release.  (*See* Dkt. No. 441.)  The Court will not repeat those facts here and will address relevant facts in the analysis below.  For the reasons that follow, the Court GRANTS the motion.

**ANALYSIS**

As the moving party, Cook bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  A court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

---

[1]  Cook is proceeding *pro se*.

1

> release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances" in order to determine whether to terminate supervised release. *Id.*; *accord United States v. Miller*, 205 F.3d 1098, 1011 (9th Cir. 2000).

Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1011). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819-20. However, the lack of undue hardship may be considered to determine whether the interest of justice warrants early termination. *Id.* at 820. A district court is not required to "tick off each of the relevant" 3553(a) factors, but it must provide an "explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822.

Cook began his term of supervised release on June 12, 2020, which satisfies the requirement that he complete at least one year of his term. In this case, the Court imposed a mandatory minimum term of supervised release. The Ninth Circuit has not addressed whether a district court has the authority to terminate a mandatory minimum term of supervised release before it expires. However, other Circuits have determined that courts have discretion to do so, and the Court finds the reasoning in those cases persuasive. *See, e.g., Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018); *United States v. Spinelle*, 41 F.3d 1056, 1058-61 (6th Cir. 1994); *see also United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018).

The Court concludes Cook has not demonstrated that continuation of supervised release

poses a hardship.  *See Emmett*, 749 F.3d at 819-20.  Therefore, the Court turns to the remaining Section 3553(a) factors.  The Government opposes Cook's motion, based on in part on a lack of documentation about his business.  The Probation Officer has not raised that as a concern, and Cook has submitted additional information with his reply that support his position that he is gainfully employed.  Cook has not been before the Court on any alleged violations of his conditions of supervised release and there is no indication in the record to suggest he has engaged in any criminal activity since his release.  For the reasons set forth in its previous Order, Cook does not appear likely to re-offend or otherwise pose a risk to the public.  (Order Denying Motion at 3:14-21.)  The Court also has considered the costs that could be saved if the Court were to grant this motion, and it recognizes that continued supervised release does impose costs on the public.

The need to afford adequate deterrence is also one of the factors the Court must consider. When Cook filed his first motion, his Probation Officer opposed the request to terminate supervision, which factored into the Court's evaluation of the motion.  Cook's Probation Officer now notes that he has been on the Low Intensity Supervision caseload since November 13, 2020 and has continued to do well under that level of supervision.  She also notes that Cook has been responsive to all her requests.  As such, she does not oppose his request.  Cook's offense was serious, but the Court concludes that the adequate deterrence factor no longer weighs in favor of continued supervision.  18 U.S.C. § 3553(a)(2)(B).

Accordingly, the Court GRANTS Cook's motion, and terminates him from supervised release as of the date of this Order.

**IT IS SO ORDERED**.

Dated: July 31, 2023

_____
JEFFREY S. WHITE
United States District Judge